IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BONNIE GELNETT,
        Plaintiff,

  -vs-                                   Civil Action No. 17-737

NANCY A. BERRYHILL,[1]
COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging she had been disabled since November 19, 2014. (ECF No. 9-7, pp. 8, 10). Administrative Law Judge ("ALJ"), John A. Fraser, held a hearing on October 26, 2016. (ECF No. 9-3, pp. 2-40). On December 16, 2016, the ALJ found that Plaintiff was not disabled under the Social Security

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

Act. (ECF No. 9-1, pp. 20-32).

After exhausting all of her administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.  Jobs in the National Economy**

Plaintiff's only argument is that the ALJ erred in determining whether there are jobs existing in significant numbers in the national economy that she could perform. (ECF No. 12). Plaintiff argues that the ALJ's residual functional capacity ("RFC")[2] was for sedentary work and that the jobs referenced by the ALJ that he believed she could perform were for light work. (ECF

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §404.1545(a).

No. 12, pp. 5-7). As a result, Plaintiff submits that remand is warranted. After a review of the record, I agree.

At the hearing in this case, the ALJ solicited testimony from a vocational expert ("VE"). (ECF No. 9-2, pp. 22-36). The ALJ asked the VE to assume a hypothetical involving someone who could perform light work and then the ALJ asked a hypothetical involving someone who could perform sedentary work. *Id.* An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). The ALJ found Plaintiff to have an RFC of sedentary work with certain limitations. (ECF No. 9-2, p. 25). Yet, in his decision, Plaintiff relied on the testimony from the VE related to the hypothetical involving someone who could perform light work. (ECF No. 9-2, p. 31). Specifically, in his opinion the ALJ found that plaintiff could perform the jobs of a companion,[3] a garment sorter and a paper-pattern folder. *Id.* All of those jobs, however, require an exertion level of light. (ECF No. 9-2, pp. 22-36). Since Plaintiff only has an RFC to perform sedentary work, I cannot find that the ALJ's conclusion that she can perform other jobs existing in significant numbers in the national economy to be based on substantial evidence.

In opposition, Defendant asserts that this error is a typographical error and the ALJ really just meant to pick the jobs that the VE testified a sedentary person could perform. (ECF No. 14, pp. 10-13). Defendant also seems to suggest that the error is harmless because the VE "confirmed in response to both [hypothetical] questions that there were jobs that a hypothetical individual with the given RFCs could perform" and presumably the ALJ would have accepted it wholesale. (ECF No. 14, p. 10). This is an assumption on the part of the Defendant. It is well

---

[3]As Plaintiff points out, the VE testified that Plaintiff had transferrable skills (at the light exertional level) and that involves the work of a nurse's assistant which the DOT defines as a companion. (ECF No. 12, p. 4; No. 9-3, p. 29).

established that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943). As such, "'[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision;' the Commissioner may not offer a post-hoc rationalization." *Keiderling v. Astrue,* No. Civ. A. 07–2237, 2008 WL 2120154, at *3 (E.D.Pa. May 20, 2008) (quoting *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir.2000)); *See, Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d Cir.2001). As a result, I will not consider such rationalizations.

Furthermore, a typographical error is a mistake in spelling or grammar. Such is not the case here. To the contrary, there was a very lengthy and sometimes tricky discussion with the VE regarding light work and sedentary work that Plaintiff could perform. (ECF No. 9-3, pp. 22-37). It is incumbent upon the ALJ to very clear what he is basing his decision upon. The ALJ was clear here. (ECF No. 9-2, pp. 31-32). This was not a typographical error.

Consequent, I find that remand is warranted. An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BONNIE GELNETT,

      Plaintiff,

  -vs-                                          Civil Action No. 17-737

NANCY A. BERRYHILL,[4]
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

AMBROSE, Senior District Judge

# **ORDER OF COURT**

THEREFORE, this 30th day of May, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 11) is granted and Defendant's Motion for Summary Judgment (ECF No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                            BY THE COURT:

                            s/ Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.